THE MERCHANTS' NATIONAL BANK v. McNULTY *et al.*

Promissory note: LATENT DEFENSES. It is only the *bona fide* holder of a note for a valuable consideration before maturity that is protected against equities existing between the maker and payee, and the question whether the plaintiff is such an one, is one of fact to be submitted to the determination of the jury.

*Appeal from Dubuque District Court.*

THURSDAY, MARCH 20.

ACTION upon a promissory note for $3,989.44, executed by H. T. McNulty to Burton, Hill & Co. or order, dated January 1st, 1870, due six months after date, and indorsed by Burton, Hill & Co. to Geo. W. Burton, and by Geo. W. Burton to plaintiff.

The defendant McNulty for answer alleges that the note was executed by him to Geo. W. Burton & Co., merely for the purpose of formally closing a long and complicated account existing between them, they agreeing not to put the note in circulation until a full and final accounting could be had, and that then, if the balance proved different, the note should be destroyed. That at the time he executed said note he owed Burton, Hill & Co. nothing, but that, on the contrary, they were indebted to him in a large amount. That Burton, Hill & Co., in violation of their agreement, assigned by indorsement the note to Geo. W. Burton, a member of said company, and that Burton assigned the same back to Hill, another member of said firm. That plaintiff gave no value for the note, but holds it merely as the agent of Hill for collection, and took it with full knowledge of the circumstances attending its execution.

Jury trial. Verdict and judgment for plaintiff. Defendant appeals.

The necessary facts appear in the opinion.

*Griffith & Knight, John Doud, Jr.,* and *D. E. Lyon* for the appellant.

*S. M. Pollock* and *H. B. Fouke* for the appellee.

DAY, J. — It was proved at the trial that the bank took the note from Hill, who before that time had been a depositor there, and gave him credit on his book account for the face of the note exclusive of the accrued interest, and that Hill, at that time, was not indebted to the bank.

The defendant McNulty offered to prove several distinct facts, in substance as follows:

That the note was given without consideration; that the payees were indebted to McNulty at the time of its execution; that they agreed to hold the note and not put it in circulation; that plaintiffs took the note out of their ordinary course of business; that only $300 of the credit for it had been drawn by Hill before maturity and protest; that then McNulty informed plaintiffs of the facts constituting his defense, and they required Hill to make good his account so that his credit should equal the credit for the note; that Hill did make further deposits so that his credit was made equal to the face of the note, and it still so remains; that while the said credit to the amount of the note less $300 stood as a balance in the account in Hill's favor, plaintiffs dishonored his check for $25; that notwithstanding Hill still has said credit of the amount of said note in his account with plaintiffs, as a balance in his favor, yet, he has lately borrowed large sums of money at ten per cent interest, and mortgaged all his property to secure the same; that several conversations were had at the bank between Babbage, the cashier, and Burton and Hill, to determine in whose name the suit should be brought, and that they finally agreed to bring the suit in the name of the bank, and instituted it pursuant to said agreement; that the plaintiff retained the note in suit for nearly a year after it matured, without instituting proceedings on it, and commenced this suit at the request of Hill, and Burton, Hill & Co., the understanding being that they were to pay the expenses of the suit, and that the bank was not to be at any expense; that the bank is suing upon the note for the benefit of Hill, or Burton, Hill & Co.

All of this offered evidence the court refused to submit to the jury. Appellant duly excepted to the various rulings of the court thereon, and now assigns them as error. The evidence should have been admitted. It is only the *bona fide* holder for valuable consideration of a negotiable note transferred before maturity, that is protected against equities growing out of the note existing between the maker and the payee. The question here is not whether such equities may be interposed against such *bona fide* holder, but whether the plaintiff is in *fact* such holder. Upon this question the defendant tendered an issue of fact, upon which it was his right to have the response of the jury.

If the note was obtained without consideration, as alleged, the payees could not recover thereon. The indorsee, Burton, and the subsequent holder, Hill, constitute the firm of Burton, Hill & Co., the payees, and hence held the note subject to the same defenses which might have been interposed against it in the hands of the payees. The plaintiff, if not a *bona fide* purchaser, stands in no better position. Suppose it should be conceded that the placing of the note to the credit of Hill upon the books of the bank, constitutes it *prima facie* a *bona fide* holder for value in the usual course of business. What then? Does this conclude defendant? Is the evidence to be unilateral only? Shall not the defendant be heard to give his version of the transaction?

Clearly he had a right to show all the circumstances attending the transfer of the note, and the subsequent course of dealing respecting it.

He alleges that plaintiff is not the real owner of the note but holds it merely as the agent of Hill for collection, and that the note was procured without consideration. The facts which he offered to prove certainly tend, in some degree, to support these allegations. The evidence was competent and material. Its weight and effect are questions for the jury. In excluding the evidence from the jury, the court erred.

Reversed.